UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD JOHNSON,

    Plaintiff,

v.

    Case No. 2:19-cv-12448
    Hon. Nancy G. Edmunds

CORRECTIONS OFFICER COWLING,
ET AL,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a civil action brought by a Michigan prisoner. The Court has granted Plaintiff leave to proceed in forma pauperis. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying this standard, the action will be dismissed because it fails to state a claim upon which relief can be granted.

### I. Complaint

Plaintiff is serving a sentence of imprisonment at the Central Michigan Correctional Facility in St. Louis, Michigan. The complaint names seven Defendants:

1

(1) Corrections Officer (CO) Cowlings, (2) CO Pipkins, (3) CO Raycraft, (4) CO Most, (5) Sgt. Moall, (6) Lt. Zenn, and (7) Warden Christansen.

Plaintiff asserts that on April 17, 2019, Defendants Pipkins, Raycraft, and Cowlings ordered Plaintiff to be strip searched in view of other prisoners. Plaintiff does not allege any details regarding the search, but he claims that he felt humiliated, degraded, and sexually harassed.

Plaintiff asserts that the next day he informed CO McDonald about the strip search, and he was sent to Defendant Zenn. Plaintiff claims that Zenn viewed a video and maintained the incident never occurred.

The next day Plaintiff filed a grievance, and he was interviewed by Sgt. Davis. Davis found that the search violated MDOC policy. A report Plaintiff attaches to his complaint confirms that Pipkins, Raycraft, and Cowlings, conducted strip searches of prisoners in groups of three instead of individually on the date in question. Dkt. 1, at 11. Davis ordered the three corrections officers to be instructed on proper strip search policy. Id.

Plaintiff asserts that he was thereafter "flagged down" by Defendant Most and Pipkins who "verbally assault[ed] and threaten[ed]" him. Id. at 6. Plaintiff claims they did this in retaliation for his filing a grievance regarding the strip search. Plaintiff then filed a retaliation grievance. Defendant Moall interviewed Plaintiff about the second grievance, and Plaintiff asserts that he conducted a "poor investigation to cover up the acts of retaliation." Id. at 7. Finally, Plaintiff claims that

2

Defendant Warden Christiansen failed to take any further corrective action in his Step II grievance.

**II. Discussion**

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Thus, dismissal is appropriate where the plaintiff fails to plead sufficient factual content to permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is also appropriate where the allegations, taken as true, establish that relief is barred by an affirmative defense such as failure to exhaust administrative remedies, statute of limitations, or absolute immunity. *Jones*, 549 U.S. at 215.

A. Strip Search Participants

Plaintiff claims that his Fourth Amendment rights were violated by Defendants Cowlings, Pipkins, and Raycraft when they conducted a strip search of him in front of other prisoners.

Under the Fourth Amendment, "a convicted prisoner maintains some reasonable expectations of privacy while in prison." *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992). See also *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 572 n.2 (6th Cir. 2013). However, Plaintiff has not alleged that he was singled out for a search, that any search was overly invasive, or that the search was unrelated to a

legitimate penological or security interest. See *Stoudemire*, 705 F.3d at 571-74. Aside from Plaintiff's conclusory allegation that he that "felt humiliated, degraded, and sexually harassed," plaintiff has failed to allege any facts that rise to the level of an actionable claim under the Fourth Amendment. Cf. *Green v. Santiago*, 224 F. Supp. 3d 154, 164 (D. Conn. 2016) ("accusations of humiliation and embarrassment caused by strip searches, on their own, do not state a claim under the Fourth Amendment"). Plaintiff does not allege that he was searched in front of correction officers of the opposite sex, that the search was conducted in front of numerous other prisoners (records indicate that there were only two other prisoners present), or that the search was performed in an overly invasive way. Therefore, Plaintiff's claims under the Fourth Amendment will be dismissed.

B. Retaliation

Plaintiff claims that Defendants Most and Pipkins retaliated against him for filing a grievance regarding the strip search by verbally harassing him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. See *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to state a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*.

In *Thaddeus-X*, the Sixth Circuit recognized that some threats and deprivations are too minimal to constitute adverse action. Citing *Bart v. Telford*, 677

F.2d 622 (7th Cir. 1982), the *Thaddeus-X* court held that minor harassment is insufficient to constitute adverse action, because recognition of such a standard would "'trivialize the First Amendment.'" *Thaddeus-X*, 175 F.3d at 398-99 (citing *Bart*, 677 F.2d at 625). Because Plaintiff fails to allege anything more than verbal harassment by any of the Defendants, Plaintiff's retaliation claims will be dismissed.

C. Grievance Respondents

Plaintiff asserts that Defendants Zenn and Most mishandled his grievances. There exists no constitutionally protected due process right to an effective prison grievance procedure, however. See *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Michigan law does not create a liberty interest in the grievance procedure. See *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001). Because Plaintiff has no liberty interest in the grievance process, the claims against Defendants Zenn and Most will be dismissed.

D. Respondeat Superior

Finally, Plaintiff claims that Defendant Christensen, as Warden of his facility, failed to take corrective action regarding the alleged misconduct of his subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter*

5

*v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576. Plaintiff's claims against Defendant Christenswn will be dismissed.

### III. Order

Having conducted the review required by the Prison Litigation Reform Act, the court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Leave to appeal in forma pauperis is therefore denied.

**SO ORDERED**.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court

Dated: September 4, 2019